BRIGHAM et al. v. C. C. THOMPSON LUMBER CO.

(Circuit Court, W. D. Wisconsin. May 15, 1893.)

REMOVAL OF CAUSES—LIMITATION—EFFECT OF AMENDED PETITION.

A cause was remanded to a state court because of the failure of the petition for removal to show the requisite jurisdictional facts, after which further proceedings were had in the state court, and more than six months after the expiration of the time in which a removal might originally have been had, an amended petition was filed, and an order for removal made. *Held*, that the amended petition did not relate back to the filing of the original petition so as to bring the application within the limitation, and that an order to remand must be granted. Freeman v. Butler, 39 Fed. Rep. 4, disapproved.

At Law. Action by E. K. Brigham and others against the C. C. Thompson Lumber Company. Heard on plaintiff's motion to remand to state court. Motion granted.

Lamoreux, Gleason, Shea & Wright, (George G. Green, of counsel,) for plaintiffs.

Dockery & Kingston, and McDonald & Barnard, (Hayden & Start, of counsel,) for defendant.

BUNN, District Judge. This is a motion to remand the cause back to the circuit court of Bayfield county, Wis., whence it originated. It was begun in that court on September 24, 1892. The summons and complaint were served, and the time to answer the complaint expired on October 14, 1892. On October 12th, two days before the time to answer expired, the defendant filed a petition and bond, and applied for a removal of the cause to this court. An order for the removal was made by the state court, and a copy of the record was filed in this court on October 17, 1892. On November 1st an answer to the complaint was filed by the defendant in this court, and on November 21st a reply by the plaintiffs. On December 8, 1892, a motion by the plaintiffs was made to remand the cause to the state court, and the same was so remanded, on the ground that the requisite jurisdictional facts were not alleged in the petition to entitle the defendant to a removal. The diverse citizenship of the parties was not set out, nor did it appear anywhere in the record. On April 8, 1893, four months after the case was sent back to the state court, and after further proceedings were had by the parties in that court, and six months after the time for removal had expired, a second or amended petition was filed by the defendant in the state court for a removal of the cause to this court, and an order was made for the removal. The cause comes up now on a second motion to remand to the state court, and the question is whether, under these circumstances, a removal of the cause to this court has been effected.

This court had supposed that the rule was fairly well settled in this circuit that the right of removal depended upon the defendant's filing a proper petition alleging all the necessary jurisdictional facts, accompanied by a proper bond, within the time prescribed

by the act of congress of August 13, 1888; that is to say, before the expiration of the time for answering the complaint under the law and practice of the state court. That act gives a definite rule, easily to be complied with; but if the rule prescribed by congress is not binding, but it is rather to be left to the discretion of each state court, then there is no certain rule on the subject. If a second and amended petition may be filed after the cause is properly remanded to the state court, and six months after the time prescribed by the act of congress has passed by, and after issue has been joined, and proofs taken, and other proceedings had in the state court, subsequent to the remanding of the cause, then there is no rule to govern except the discretion of the state court, which may be exercised in one case in favor of a removal, and in another case, under precisely the same state of facts, against a removal. It has been the uniform holding under all the different jurisdiction acts of congress that the right of a removal and the jurisdiction of the court depended upon a compliance with the law of congress, and not at all upon the action or nonaction of the state court; and it would be very strange if, under the act of 1887–88, which prescribes a more stringent rule than has ever before existed except under the original judiciary act of 1789, the practice and ruling of the court should be any different in this respect from what it has been under former statutes.

By the jurisdiction act of 1789 the application for removal had to be made by the defendant "at the time of entering his appearance." If, at the time of appearing in the case, the defendant did not make his application and file a petition stating the necessary jurisdictional facts, the right was lost. He could not do it afterwards. Under the acts of 1866 (14 Stat. 306) and of 1867 (14 Stat. 558) the application might be made at any time before the trial or final hearing of the cause in the state court. These statutes mark the extreme swing of the pendulum in favor of the jurisdiction of the federal courts over cases begun in the state courts. Under these statutes abuses sprung up. The defendant could experiment as long as he pleased in the state courts, and then, after the case could be delayed no longer, apply for a removal; so that the right came to be too frequently exercised to delay the cause, rather than to obtain an unprejudiced hearing in the federal court. The judiciary act of 1875 (18 Stat. 470) in some measure was intended to correct these abuses by restricting the right. Under that act the petition must be made and filed "before or at the term at which such cause could be first tried, and before the trial thereof." As will be seen, this act, although a great restriction upon the acts of 1866 and 1867, still gave great latitude in making the application, compared with the original judiciary act passed by the first congress. By the acts of 1887 (24 Stat. 552) and of 1888 (25 Stat. 435) the time was further greatly restricted. Under those acts the defendant must make and file a petition "at the time, or any time before, the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or

plead to the declaration or complaint of the plaintiff." This rule is definite, and is liberal enough. It was no doubt the object of congress by the acts of 1887 and 1888 to restrict the right of removal in several ways: First, in regard to the person who might remove; and, second, as regards the time of making the application. He need not make the application at the moment of appearing in the cause, as under the original judiciary act. He might even answer the declaration or complaint before moving. On the contrary, he could not wait until the first term at which it could be tried, and until after the pleadings were settled, and perhaps proofs taken. He must make his application before the time for answering expired. In Wisconsin the defendant has 20 days after service of the summons and complaint to answer. Within that 20 days, whether answer has been put in or not, he should make his application and file his petition; and the time cannot be enlarged by order of the state court nor by the stipulation of the parties. Austin v. Gagan, 39 Fed. Rep. 626; Velie v. Indemnity Co., 40 Fed. Rep. 545; Rogers v. Van Nortwick, 45 Fed. Rep. 513; Rock Island Nat. Bank v. J. S. Keator Lumber Co., 52 Fed. Rep. 897; Car Co. v. Speck, 113 U. S. 84, 5 Sup. Ct. Rep. 374; Gregory v. Hartley, 113 U. S. 742, 5 Sup. Ct. Rep. 743. As was said by Judge Sawyer in Austin v. Gagan, 39 Fed. Rep. 626: "The policy of the law is to require parties to take the first opportunity to change the forum, and, in default thereof, the right is waived." The case relied upon mainly by the defendant as an authority for this second attempt at removal six months after the time for making the application and filing the petition had expired is Freeman v. Butler, Id. 4; and, if the principles of that case can be sustained, it is no doubt an authority in point for the defendant. But the decision in that case seems to be not only against the great weight of authority, but in derogation of the law of congress. The case, in its facts, is somewhat analogous to this, although the defendant, after the case was remanded to the state court, was more prompt in making his application to amend his petition. The court held that it had obtained jurisdiction of the case by the second order for the removal, on the ground that the second petition for removal in the state court, being filed as an amended petition, related back to the time when the original petition was filed.

The objection in practice to this doctrine is that it sets aside the rule of the statute, and substitutes in its place the discretion of the state court. It was held in that case, very properly, that the United States circuit court, upon remanding the cause, had lost all control over it, and could neither entertain a new petition for removal, nor an application to amend the old one. The defendant must make his application to the state court. But, suppose the state court had refused to allow an amendment to the petition; it would follow that no removal could be had. But, if it be discretionary with the state court to allow an amendment to the petition on a second application after the time prescribed by congress has

elapsed, then it is difficult to see what bounds can be prescribed to such discretion, or why the case may not be removed at any time, even after the time would have elapsed under any law of congress that has ever existed.

The rule of the United States courts has always been that no discretion existed in the state court. It may pass upon the right of removal, and grant or refuse to grant an order; but, so far as the question of removal goes, and the jurisdiction to be acquired thereby by the United States circuit court, it is of little moment what the order or decision of the state court may be. The jurisdiction of the United States court will always depend upon a compliance or noncompliance with the law of congress in force at the time, and not in any measure upon the decision of the state court. Neither an order refusing nor an order granting a removal can affect the jurisdiction of the circuit court. Bank v. Corbett, 5 Sawy. 172; Kern v. Huidekoper, 2 Morr. Trans. 597; Fisk v. Railroad Co., 6 Blatchf. 362; Hatch v. Railroad Co., Id. 105, 111; Kanouse v. Martin, 15 How. 198; Railroad Co. v. Mississippi, 102 U. S. 136; Railroad Co. v. Koontz, 104 U. S. 5. The answer, in theory, to such a doctrine is that there is nothing in substance to be related back to. The petition not alleging the necessary jurisdictional facts, it is a nullity, and the doctrine of relation has no application. There is, of course, no objection on principle to the amendment of a petition. There is no objection to the filing of a second petition, provided it is done within the time prescribed by congress. But when the time goes by the right is lost. To allow an amendment to the petition after that is the same as allowing a new petition, and either is a clear violation of the law. One purpose of the law was a severe restriction in respect to the time.. The object was to require the party to change the forum at once, before waiting to experiment in the state court, either to contest the tribunal, or for mere purposes of delay. In this case six months had elapsed since the time to answer had expired. Other proceedings had been had in the state court after the case was remanded. Since the statutory time for removal had elapsed, there have been two terms of the state court in that county when the cause may have been tried, and it now stands noticed for trial there during the present month. The pleadings have been amended in the state court, and the time for answering an amended complaint had expired before the second petition for removal was filed. Depositions, it seems, were also taken. If the cause can be removed upon the discretion of the state court by allowing an amendment to an original and insufficient petition there can be no limit, so far as time goes, and the removal can be allowed at any time.

Another purpose of the statute was to secure certainty. It was never contemplated that a case should be dangling for so long a time in midair between the two courts, neither party nor the court knowing whether it might or might not be removed. The rule of the statute is certain, and easy to be complied with. This

question in regard to the necessity of setting up the jurisdictional facts has been well settled by a long course of federal decisions, and there is no longer any possible excuse for practitioners not complying with it.

The motion to remand the case to the state court is granted.