**RONSON ART METAL WORKS, Inc. v. COMET IMPORT CORP. et al.**

United States District Court
S. D. New York.

March 7, 1952.

Lorenz, Finn & Nobiletti, New York City (Joseph Lorenz, John F. X. Finn, Page S. Haselton and Norman C. Mendes, all of New York City, of counsel), for plaintiff.

Gale, Bernays, Falk & Eisner, New York City (Edwin A. Falk and Edgar J. Nathan, 3rd, New York City, of counsel), for defendant, Comet Import Corp.

MURPHY, District Judge.

Two questions are presented by this motion to remand: (1) Whether a cause of action in unfair competition may be deemed one based upon the Lanham Act, 15 U.S. C.A. § 1126(b), (h) and (i), for purposes of removal to a Federal court; and (2) Whether both defendants must join in the petition for removal in the instant case.

Summons and complaint were served upon the Comet Import Corporation on November 27, 1951, and upon B. Gertz Inc. on the following day, in plaintiff's action for unfair competition seeking injunction, accounting and damages in the New York State Supreme Court. The unfair competition alleged arises from Comet's manufacture in Japan and marketing in this country and particularly in the New York area of a cigarette table lighter assertedly a slavish imitation in appearance of one which plaintiff manufactures and calls a "decanter." Plaintiff alleges that the distinctive contour of its lighter has acquired secondary significance synonomous with plaintiff because of the effectiveness of its advertising and marketing. The other defendant, Gertz Inc., is alleged to have advertised and sold at retail the Comet product for $3.95 as a "faithful copy of $20 lighter." Petition for removal to the Federal Court was filed by defendant Comet on December 17, 1951. On January 4, 1952, defendant Gertz, who did not join in this petition, by stipulation consented to a decree of injunction.

Despite diversity of citizenship (both defendants are New York corporations and plaintiff a New Jersey one), removal cannot be grounded upon diversity of citizenship because the privilege in such cases is limited to the situation where none

of the defendants is a citizen of the state in which the action is brought. 28 U.S.C.A. § 1441(b). Accordingly, this petition is "founded on a claim or right arising under * * * laws of the United States" and consequently "removable without regard to the citizenship or residence of the parties." [Id.] The law of the United States relied upon is the Lanham Act, 15 U.S.C.A. § 1126(b), (h) and (i). Subsection (i) provides that: "Citizens or residents of the United States shall have the same benefits as are granted by this section to persons described in subsection (b) of this section."

Subsection (b) extends the benefits of the Lanham Act to persons who are nationals of, domiciled in or have businesses in foreign countries which are parties to certain treaties. And subsection (h) provides that such persons: "shall be entitled to effective protection against unfair competition, and the remedies provided in this chapter for infringement of marks shall be available so far as they may be appropriate in repressing acts of unfair competition."

Whether these provisions make a simple cause of action for unfair competition a Federal statutory one subject to the original jurisdiction of the District Courts, or not, is a question upon which there is a sharp division of judicial opinion. Cf. Stauffer v. Exley, 9 Cir., 1950, 184 F.2d 962; In re Lyndale Farm, Cust. & Pat.App., 1951, 186 F.2d 723, with Ross Products v. Newman, D.C.S.D.N.Y.1950, 94 F.Supp. 566; Old Reading Brewery, Inc., v. Lebanon Valley Brewing Co., D.C.M.D.Pa.1951, 102 F.Supp. 434. The debate has apparently overflown to the law reviews. Cf. 48 Col.L.Rev. 876, 886; 38 T.M.Rev. 259, 267 with 51 Col.L.Rev. 1052–1055. And the question is seemingly still open in this circuit. See Dad's Root Beer Co. v. Doc's Beverages, Inc., 2 Cir., 1951, 193 F.2d 77; Chas. D. Briddell, Inc., v. Alglobe Trading Corp., 2 Cir., 1952, 194 F.2d 416. Regretfully we abstain from the controversy because the touchstone of this decision makes threshold the question of failure of both defendants to join in petition for removal.

The removal statute states that a civil action may be removed "by the defendant or the defendants". 28 U.S.C.A. § 1441 (a). Prior to revision in 1948, the wording was, "by the defendant or defendants therein". Judicial Code of 1911, c. 231, § 28. In addition, the present statute provides 28 U.S.C.A. § 1441(c): "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed * * *."

The section which it replaced provided 28 U.S.C.A. former § 71: "when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit * * *."

The old sections were construed to mean that "the defendant, if there be but one, may remove, or the defendants if there be more than one; but where the suit is between citizens of different states, and there is a separable controversy, then either one or more of the defendants may remove." Chicago R. I. & P. Ry. Co. v. Martin, 1899, 178 U.S. 245, 247, 20 S.Ct. 854, 855, 44 L.Ed. 1055. If the causes of action were not separable, then "in view or the language of the statute * * * the proper conclusion is that all the defendants must join in the application * * *." Id., 178 U.S. at page 248, 20 S.Ct. at page 855. See also Gableman v. Peoria D. & E. Ry. Co., 1900, 179 U.S. 335, 337, 21 S.Ct. 171, 45 L.Ed. 220.

The new sections are by no means as explicit in permitting removal by one defendant where more than one are involved under the exception of "separability". They merely provide for removal of an entire case when a separate and independent cause is joined to nonremovable ones, but are silent as to the number of defendants who shall petition for removal. Consequently, since the revision of 1948, the rule has been stated as requiring all defendants to join in petition for removal from a state to federal court, without mentioning the exception of a separable controversy. Hancock

Mutual Life Ins. Co. v. United O. & P. Workers, D.C.N.J.1950, 93 F.Supp. 296, 307. See also Driscoll v. Burlington-Bristol Bridge Co., D.C., 82 F.Supp. 975, 984.

But even indulging the improbable assumption that the old rule is continued that all defendants need not join in petition for removal if the controversy was separable, the concept of separability has been narrowed considerably by the revision of 1948. "A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. * * * Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. Of course, 'separate cause of action' restricts removal more than 'separable controversy.'" American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 11, 12, 71 S.Ct. 534, 538, 95 L.Ed. 702. A complaint stating a cause of action in unfair competition against two defendants similar to the one involved in this case which had been held not removable upon petition of one of them because the controversy was not separable under the old rule, Lever Bros. Co. v. J. Eavenson & Sons, Inc. et al., D.C.S.D. N.Y.1934, 7 F.Supp. 679, would *a fortiori* be non-removable as a separate and independent claim or cause of action under the present rule.

The right to removal must exist at the time of petition. Since the defendant Gertz was served before the petition was filed by defendant Comet, cf. Pullman Co. v. Jenkins, 1939, 305 U.S. 534, 540, 59 S.Ct. 347, 83 L.Ed. 334, and since Gertz is certainly not a nominal party, see Hancock Mutual Life Ins. Co. v. United O. & P. Workers, supra, 93 F.Supp. at page 306–307, such defendant may not be disregarded. Whether the Court has power, in the exercise of its discretion, to permit amendment of the petition now to show that Gertz is no longer a party is open to question. 28 U.S.C.A. § 1446(b); Heckleman v. Yellow Cab Transit Co., D.C.E.D.Ky., 1942, 45 F. Supp. 984, 985, 986; Cline v. Belt, D.C., 43 F.Supp. 538, 540, 541. But assuming the question of amendment is discretionary, cf.

Rule 4(h), Fed.Rules Civ.Proc., 28 U.S. C.A. the instant case hardly presents a situation favorable for its exercise.

Motion to amend overruled. Motion to remand granted.

Settle order.