## WHITE v. SULLIVAN.
### Civ. A. No. 3966.

United States District Court
D. Colorado.
Oct. 24, 1952.

Joseph P. Constantine, Denver, Colo., for plaintiff.

Long, Hyman & Smart, Denver, Colo., for defendant.

KNOUS, District Judge.

Plaintiff commenced this action in an appropriate state court on June 5, 1952. The defendant removed the case to this court on June 16, 1952, upon the purported basis of diversity of citizenship between the parties.

No specific allegation as to the citizenship of either party was made in the complaint. Defendant's petition for removal contains no statement whatsoever with respect to the citizenship of the defendant. but alleges that "*plaintiff* is a citizen and resident of the State of Kansas."

Defendant thereafter interposed motions in this court directed to the validity of the service; to dismiss; to strike certain matter from the complaint, and to make it more specific. In the course of the arguments on the latter motions, on October 9, 1952, the Court, notwithstanding that no motion to remand had been interposed, noted and called attention to the patent absence of the essential jurisdictional allegations in the removal petition even when considered with those of the complaint. Counsel for defendant thereupon moved for leave to amend the petition for removal so as to make it allege that the citizenship of the defendant was in Kansas and that of the plaintiff in Colorado.

The propriety of permitting the amendment is now to be decided.

The pertinent statutory provision, 28 U.S.C.A. § 1446(b), provides, in effect, that an initially-removable cause of action must be removed within twenty days after the first pleading is served on the defendant, or within twenty days after service of summons, whichever period is shorter. Obviously, herein the time so allowed a defendant for effecting a removal has long since expired.

Under this section and its predecessors, which also imposed a strict time limit on removal of causes from state to federal courts, it consistently has been held that a petition for removal may not be amended to supply jurisdictional averments that had been lacking, after the time in which removal could be effected had terminated. Frisbie v. Chesapeake & Ohio Ry. Co., C. C., 59 F. 369; Brigham v. C. C. Thompson Lumber Co., C.C., 55 F. 881; Santa Clara County v. Goldy Machine Co., C.C., 159 F. 750; Dinet v. City of Delavan, C.C., 117 F. 978; Cline v. Belt, D.C., 43 F.Supp. 538; Heckleman v. Yellow Cab Transit Co., D.C., 45 F.Supp. 984.

None of the authorities cited by the defendant contravenes this rule. True, amendments have been permitted to set forth in more accurate and specific form the ground of removal already imperfectly stated and alleged in the original petition. See Kinney v. Columbia Savings & Loan Association, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103. Such obviously is not the situation here.

The circumstance that the failure to include the necessary jurisdictional averments may have been due to an oversight, is without avail to the defendant for the reason stated in the opinion in Cline v. Belt, D.C., 43 F.Supp. 538, wherein also may be found a comprehensive analysis of the authorities in this field. It is, therefore,

Ordered and Adjudged that the motion of defendant to amend the petition for removal is denied and this action be and the same is hereby remanded to the District Court in and for the City and County of Denver, State of Colorado.