**A. R. SELLERS** and Janie Sellers, husband and wife; **Bert C. Cheatham,** Plaintiffs,

v.

Steven **W. BARDILL,** Katherine Bardill, **J. Wade** Hampton, Jonnie Becker Hampton, Viola Ruschmeier, Charles Hampton, Harley Buchl, Minnie Collins, Lois Reynolds Harris, Lorenzo Reynolds, Defendants.

**Civ. No. 614.**

United States District Court
W. D. Kentucky, at Owensboro.
June 16, 1955.

Russel C. Jones and Robert E. Humphreys, Jr., Owensboro, Ky., for defendants.

BROOKS, District Judge.

Plaintiffs filed a complaint in the State Court to quiet title to the mineral rights in a tract of land located in Webster County, Kentucky. The plaintiffs, A. R. Sellers and Janie Sellers, owners of the land, are citizens of the State of Kentucky. In December, 1953, they leased the mineral rights to their co-plaintiff, Bert C. Cheatham, who is a citizen of the State of Indiana. The multiple defendants assert claim to the same mineral rights leased to plaintiff Cheatham by virtue of an instrument in writing dated August 23, 1889. They are not citizens of Kentucky. The case was removed to this Court and submitted upon plaintiffs' motion to remand it.

This is a civil action of which this Court has no original jurisdiction and in which no federal question is involved. To remove this case from the State Court the defendants were required, among other things, to file a verified petition containing a "short and plain statement of the facts which entitle \* \* \* them to removal". 28 U.S.C.A. § 1446(a). This the defendants failed to do. Their petition for removal does not disclose the facts they rely upon to warrant removal, and an examination of the complaint filed in the State Court does not reveal the existence of the jurisdictional requirement of diversity of citizenship. In this case the presence of this condition is essential for removal. 28 U.S.C.A. § 1441.

The burden is on petitioners to establish their right of removal and the provisions of the statute governing the exercise of the right to remove a suit from the State Court to the District Court of the United States should be strictly complied with. The failure to do so is sufficient grounds for dismissal. Heckleman v. Yellow Cab Transit Company, D.C., 45 F.Supp. 984; White v. Sullivan, D.C., 107 F.Supp. 959; Cline v. Belt, D.C., 43 F.Supp. 538; Ronson

Bert C. Cheatham, Marion J. Rice and Jack N. VanStone, Evansville, Ind., for plaintiffs.

**388**

Art Metal Works v. Comet Import Corp., D.C., 103 F.Supp. 531.

To determine the grounds upon which the defendants rely, however, I examined their brief. The brief acknowledges that this Court could not acquire jurisdiction if the plaintiff Cheatham remains a party to the action, as diversity of citizenship would not then exist between the parties. It advances two reasons for dismissing him as a party. First, it alleges that the lease under which he claims is champertous, and secondly, it states that he is not an indispensable party to the action and should be dropped under Rule 21, Federal Rules of Civil Procedure, 28 U.S.C.A. There is no merit to either of these contentions.

. [2] The claim that the lease is champertous goes to the merits of the plaintiffs' cause of action and is a matter to be adjudicated by the court having jurisdiction and trying the case and not by this Court on a motion to remand. Rhodes v. Dierks Lumber & Coal Co., 8 Cir., 108 F.2d 846; Robinson v. Missouri Pacific Transp. Co., D.C., 85 F.Supp. 235; Reeves v. American Brake Shoe Co., D.C., 74 F.Supp. 897; Huffman v. Baldwin, 8 Cir., 82 F.2d 5.

The plaintiff Cheatham is an indispensable party to this action because his property rights are directly involved. His lease will stand or fall depending upon the final judgment that is entered. An indispensable party is a person who has an interest in the controversy "of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." State of Minnesota v. Northern Securities Co., 184 U.S. 199, 235, 22 S.Ct. 308, 322, 46 L.Ed. 499; Kentucky Natural Gas Corp. v. Duggins, 6 Cir., 165 F.2d 1011.

For the reasons contained in this memorandum the motion to remand is sustained and proper order entered.