Elva ALVEY, Plaintiff,

v.

SEARS, ROEBUCK & COMPANY, a corporation, and Gene Franklin, Defendants.

No. 11615.

United States District Court
W. D. Missouri, W. D.

June 9, 1958.

---

Popham, Thompson, Popham, Mandell & Trusty, Kansas City, for plaintiff.

Morrison, Hecker, Buck, Cozad & Rogers, Kansas City, for defendants.

R. JASPER SMITH, District Judge.

Plaintiff filed motion to remand attacking the sufficiency of defendants' removal petition, and thereafter defendants filed motion to amend the petition for removal to insert an allegation of so-called fraudulent joinder. The notice of filing of the removal petition was filed in this Court February 25, 1958. The petition for re-

---

1. 28 U.S.C.A. § 2254.

moval simply recites that there was diversity of citizenship between the plaintiff and petitioner Sears, Roebuck & Company, a corporation, with the customary allegation that the amount involved exceeded the sum of $3,000. No allegation was made concerning defendant Gene Franklin except to note that he was joined as an additional defendant in plaintiff's first amended petition for damages at the same time the amount of damages was increased to $10,000. On March 7, 1958, the motion to remand was filed on the theory that defendant Gene Franklin was a party defendant and hence diversity of citizenship did not exist, Franklin being a resident of the State of Missouri.

Defendant has filed exhaustive suggestions in opposition to the motion to remand predicated entirely on the question of fraudulent joinder of defendant Franklin, and the motion to amend the petition for removal simply seeks to insert in the original petition the essential allegations necessary to present that issue.

Defendant contends that Section 1653, Title 28 U.S.C.A., gives a clear right to amend in any case of defective allegations of jurisdiction, and that it applies to petitions for removal as well as to complaints filed originally in federal court. In support of its position, defendant cites two cases in which amendments were permitted properly to allege diversity of citizenship.

I do not believe that the cited cases are appropriate here. Generally, amendments of allegations relating to diversity of citizenship have been freely permitted, but Section 1653 and its predecessor section, Section 399, of Title 28, have never been construed to allow amendments setting up new grounds for removal or to supply a lack of jurisdiction where jurisdiction previously did not exist. See Weber v. Wittmer Company, D.C., 12 F. Supp. 884, 885, where it was stated:

"Amendment of the petition for removal on any ground requested other than in the matter of citizenship cannot be granted."

And further, see Kraut v. Worthington Pump & Machinery Corp., D.C., 1 F. Supp. 307, 308, where it is stated:

"This court has no power to allow an amendment setting up a new ground of removal after time of answer has expired which is the situation here. * * * To allow the defendant to amend his petition so as to set up as the ground of removal that it is a controversy between a citizen and a citizen of a foreign state would be permitting it, not merely to make a more perfect statement of the alleged ground of removal, but to set up an entirely new ground for removal, which is not permissible."

It appears, therefore, that amendments such as are contemplated by defendant's motion are not within the purview of Section 1653 and may not be considered amendments which are granted at the discretion of the court. Under these circumstances, defendant's motion to amend the petition for removal is denied.

Without the amendment, the petition for removal is fatally defective. The record shows on its face that diversity of citizenship does not exist. Fraudulent joinder may not be considered unless it is alleged and proved. See Gillette v. Koss Construction Co., D.C., 149 F. Supp. 353. For this reason I remand this case to the Circuit Court of Jackson County, Missouri, from whence it was removed.

It is so ordered.