JOHN M. PETERS CONSTRUCTION CO., Plaintiff-Appellant,

v.

MARMAR CORPORATION, a Wisconsin corporation,
Gateway Transportation Company, a Wisconsin corporation, Defendants-Appellees.

No. 15344.

United States Court of Appeals
Sixth Circuit.

March 31, 1964.

David A. Thomas, Cleveland Heights, Ohio, for appellant.

David A. Nelson, Cleveland, Ohio, for appellees; Squire, Sanders & Dempsey, Jon R. Waltz, Cleveland, Ohio, on brief.

Before MILLER, Circuit Judge, and LEVIN and KENT, District Judges.

PER CURIAM.

This matter is before the court on the plaintiff's appeal from a dismissal of the cause by the District Court for failure to allege the requisite jurisdictional facts as to diversity of citizenship, and jurisdictional amount. The complaint alleges that the plaintiff is a corporation "duly organized and existing under the laws of the State of Ohio," and that the defendants "are [have been] corporations duly organized and existing under the laws of the State of Wisconsin." The complaint further alleges that the defendants are indebted to the plaintiff in the amount of $10,000.

After answer the defendants moved jointly to dismiss for lack of jurisdiction. Before hearing on the motion plaintiff filed a "motion for instanter leave to file an amended petition," citing in its brief, which was a part of the motion, Title 28 U.S.C. § 1653. The motion to dismiss was granted, the motion for leave to amend was denied.

It appears that plaintiff's counsel attempted to offer an amended complaint in which he set forth an alternative ground for recovery and plaintiff's counsel claims that he was prevented from doing so by the court's refusal to receive the proposed amended complaint.

Plaintiff's counsel relies upon Title 28, U.S.C. § 1653, which provides:

"*Amendment of pleadings to show jurisdiction*

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

He also relies upon Rule 15(a) of the Federal Rules of Civil Procedure, which provides, in part, that leave to amend "shall be freely given when justice so requires."

In a recent opinion, Foman v. Davis, Ex'x., 371 U.S. 178, at page 181, 83 S.Ct. 227, at page 230, 9 L.Ed.2d 222, the United States Supreme Court speaking through Mr. Justice Goldberg in making reference to the Rules of Civil Procedure, stated:

"It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."

The Court then reversed and remanded the case after finding, "the Court of Appeals also erred in affirming the District Court's denial of petitioner's motion to vacate the judgment in order to allow amendment of the complaint." 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222. In that case as in this case the plaintiff wished to amend to allege an alternative right of recovery in *quantum meruit*.

A similar situation was before this court in Stern v. Beer, 6 Cir., 200 F.2d 794, in which case this court held that the district court quite properly allowed an amendment to the pleading rather than forcing the plaintiff to accept a dismissal and to thereafter start a new action. And see also McHenry v. Ford Motor Co., 6 Cir., 269 F.2d 18.

We recognize that the plaintiff may have some difficult problems in connection with establishing a right to recover on the alternative theory. Haber v. Bond Stores, 6 Cir., 178 F.2d 836. However, we are here concerned with the procedural aspects of this case and not with the plaintiff's future difficulties in establishing a substantive right to recover.

For the reasons herein stated the dismissal of the cause by the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.