**Martha K. WALSH, Executrix of the Estate of Thomas A. Walsh, Deceased, Plaintiff,**

**v.**

**AMERICAN AIRLINES, INC., Defendant.**

**No. 1269.**

United States District Court
E. D. Kentucky,
Covington Division.

Feb. 10, 1967.

Ware, Bryson & Nolan, Rodney S. Bryson, Covington, Ky., for defendant.

## OPINION

SWINFORD, Chief Judge.

This action was filed in the Boone County, Kentucky Circuit Court on September 12, 1966. The summons was executed on the defendant on September 15, 1966. On October 7, 1966, the defendant corporation filed its petition for removal to this court. The record is now before the court on the plaintiff's motion

to remand the cause to the Boone Circuit Court for further proceedings.

An examination of the petition for removal shows that the jurisdiction of this court is not alleged and the motion to remand must be sustained. Any other ruling would be to ignore the requirements of the statute.

I am sure it must be vexing and of considerable irritation for counsel who has filed a petition for removal to have a motion to remand sustained on what appears to counsel to be a purely technical and relatively inconsequential application of well defined rules of law. The defendant argues in its brief that this is especially true where an allegation of diversity appears on the face of the petition and that diversity cannot be refuted by the plaintiff.

■ This is not, however, a technical matter. On the contrary, it is fundamental. It must always be borne in mind that a federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely within its jurisdiction as that jurisdiction is stated by the act or acts of Congress in conformity to the Judiciary Articles of the Constitution. This court has a responsibility to accept jurisdiction in all proper cases. It has a greater obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to litigants who have chosen it as a forum. Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.

■ In its petition for removal the defendant pleads the diversity of citizenship of the parties as follows:

"3. Your Petitioner shows that said action involves a controversy between citizens of different states; that plaintiff is now, and was at the commencement of this action, a citizen and resident of the Commonwealth of Kentucky, and that your Petitioner was at the time of the commencement of this action, now is, and ever since has been a corporation, incorporated under the laws of the State of Delaware, and is a non-resident of the State of Kentucky. The above facts are set forth in the COMPLAINT filed in the Boone Circuit Court."

The petition does not show the State in which the defendant has its principal place of business. It is an accepted fact that the Congress enacted the amendment to the diversity statute for the purpose of limiting jurisdiction in cases where foreign corporations were defendants.

■ Counsel for the defendant urges the court to take what is termed the "liberal" view in allowing amendments to be filed to petitions for removal after the thirty days allowed for such filing has expired. The defendant does not offer to file an amendment to the petition for removal under the provisions of 28 U.S.C. § 1653 which allows amendments to be filed to defective allegations of jurisdiction. Such an offer, however, would have availed nothing as the statutory provision addresses itself to *defective* allegations. There is no defective allegation of jurisdiction in the petition for removal now before the court; there is no allegation at all as to the principal place of business. To permit an amendment after the expiration of the period of limitation for the filing of the petition for removal would be not to correct a defective allegation but to permit a new and hitherto unplead jurisdictional ground for removal. To quote from the opinion of Judge Knous in White v. Sullivan (D.C.Colo.1952), 107 F.Supp. 959, "[u]nder this section and its predecessors, which also imposed a strict time limit on removal of causes from state to federal courts, it consistently has been held that a petition for removal may not be amended to supply jurisdictional averments that had been lacking, after the time in which removal could be effected had terminated."

■ Where the jurisdiction of the court is based solely on diversity of citizenship between the litigants, that di-

versity must appear from allegations requiring no explanation. The statute, 28 U.S.C. § 1332, gives this court original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $10,000, exclusive of interest and costs and is between citizens of different states. It is expressly provided by Sub-section (c) of Section 1332 that "[f]or the purposes of this section and section 1441 (the removal statute) of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business".

The statute leaves nothing to speculation and needs only to be read to be understood. This court would have no jurisdiction unless it is shown on the face of the pleading that the defendant corporation was not a Kentucky corporation and did not have its principal place of business in Kentucky. To my mind, this allegation is just as essential as the allegation that the matter in controversy must exceed the sum of $10,000 exclusive of interest and costs. In fact I can see no difference. It has been argued in many cases that judges who insist on strict interpretations of jurisdictional allegations are too technical and that a more liberal view should be entertained in the light of the spirit of the rules and amendments be freely admitted. With this view I cannot agree. To permit an amendment after the thirty days allowed for petitioning for removal has expired is for the court to extend a statute of limitation by judicial fiat. If the Congress had intended for this matter to be left to the discretion of the judge it would have said so by using such words as "not later than thirty days or such additional time as the judge may in his discretion permit". This is a statute of limitation and is no more technical than the Kentucky one year statute of limitation in personal injury cases. It has never been successfully argued that circumstance might justify the court in permitting an action to be filed one year and one day after the alleged date of the injury complained of.

To permit an amendment would not be a cure of technical defects but the stating of original jurisdictional facts which is in effect a judicial extension of the limitation beyond that time expressly stated by the Congress. For the court to permit the defendant to amend its petition for removal would be a reversal of a rule of long standing and repeatedly held in this district. In the case of Cline v. Belt (E.D.Ky.1942), 43 F.Supp. 538, decided by this court February 26, 1942, the court recited the rule to be that a strict construction of the language employed in a petition for removal in an action in a state court to a federal court is required and the language should be clear and unequivocal. It would be academic for me to burden this opinion with the numerous authorities cited in Cline v. Belt. That opinion quoted from decisions of many courts, trial, appellate and Supreme.

The rule has been consistently followed in this state. A case on all fours with the case at bar is Roseberry v. Fredell (E.D.Ky.1959), 174 F.Supp. 937. The following language from the opinion in that case is quoted as follows:

"An amendment to 28 U.S.C.A. 1332 became effective on July 25, 1958. It provided under subsection (c) that 'for the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business'. This action was filed on July 28, 1958, which was three days after the amendment to Sec. 1332 became effective, but the petition for removal does not pretend to allege that the State of Kentucky is not the state where the defendant corporations have their principal place of business."

See also an opinion by Judge Ford in the case of Porter v. Silmica Corporation of America (E.D.Ky.1964), 225 F.Supp. 929; an opinion by Judge Shelbourne in Young v. Railway Express Agency, Inc. (W.D.Ky.1962), 209 F.Supp. 953;

by Judge Brooks in the case of Hitner v. Great Atlantic & Pacific Tea Company, Louisville Civil Docket No. 4257, and Sellers v. Bardill (W.D.Ky.1955), 132 F. Supp. 386; and in other districts Hernandez v. Watson Bros. Transportation Co. (D.C.Colo.1958), 165 F.Supp. 720; Smith v. Dealers Transit, Inc. (E.D.Tenn.1965), 239 F.Supp. 605; Putterman v. Daveler (D.C.Del.1958), 169 F.Supp. 125; Bradford v. Mitchell Brothers Truck Lines (N.D.Calif.1963), 217 F.Supp. 525; Matteson v. Bresette (W.D.Mo.1966), 250 F.Supp. 646; Alvey v. Sears, Roebuck & Company (W.D.Mo.1958), 162 F.Supp. 786; Yarbrough v. Blake (W.D.Ark. 1963), 212 F.Supp. 133; Carlton Properties, Inc. v. Crescent City Leasing Corp. (E.D.Pa.1962), 212 F.Supp. 370; F & L Drug Corp. v. American Central Insurance Co. (D.C.Conn.1961), 200 F.Supp. 718; Browne v. Hartford Fire Insurance Company (N.D.Ill.1959), 168 F.Supp. 796; Gratz v. Murchison (D.C.Del.1955), 130 F.Supp. 709; White v. Sullivan, supra; Ronson Art Metal Works v. Comet Import Corp. (S.D.N.Y.1952), 103 F. Supp. 531.

Counsel for the defendant in opposing the motion to remand this case to the state court relies principally upon the case of Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co., 5 Cir., 288 F.2d 349 (1961), and John M. Peters Construction Co. v. Marmar Corporation, 6 Cir., 329 F.2d 421 (1964). In the Firemen's Ins. Co. case the opinion points out that the question of jurisdiction was raised for the first time in that court and it permitted an amendment to the petition for removal to which the court said the opposing party agreed. To use the exact language of the opinion, "[t]he appellee does not dispute, but in fact concedes, the truth of the allegations, and agrees that it also believes that it is permissible for the appellant to file such an amendment."

With reference to John M. Peters Const. Co. v. Marmar Corporation, decided by the Sixth Circuit, I do not believe that that case is authority for the question presented in the case at bar. There is a marked dissimilarity in the factual situation of the record. No question of limitation was involved in the Peters Construction Company case. That was a dismissal of an original complaint for failure to allege requisite jurisdictional facts. The lower court was reversed on the ground that the amendment should have been permitted in the light of Rule 15(a), Federal Rules of Civil Procedure, and the decision of the Court of Appeals for the Sixth Circuit in Stern v. Beer, 200 F.2d 794. Neither John M. Peters Const. Co. v. Marmar nor Stern v. Beer were decisions arising out of cases that had been removed from a state court. I must emphasize that the real question in the instant case is that of applying the thirty days period of limitation fixed expressly by an enactment of the Congress on whose will the very existence, as well as the jurisdiction, of this court rests.

The applicable rule is succinctly stated by Judge R. Jasper Smith of the Western District of Missouri in Alvey v. Sears, Roebuck & Company, supra, as follows:

"I do not believe that the cited cases are appropriate here. Generally, amendments of allegations relating to diversity of citizenship have been freely permitted, but Section 1653 and its predecessor section, Section 399, of Title 28, have never been construed to allow amendments setting up new grounds for removal or to supply a lack of jurisdiction where jurisdiction previously did not exist."

The judge went on to quote from Kraut v. Worthington Pump & Machinery Corp., D.C., 1 F.Supp. 307, to the effect that the district court has no power to allow an amendment setting up a new ground of removal after the time for filing the petition for removal has expired.

At any rate, I cannot believe, in the light of the overwhelming authority to the contrary in numerous districts in the country, that our circuit would in effect nullify an express provision of a federal statute. There should be no confusion in a trial court on this question of authority to act. If this exception of the statute is

permitted to be made, I am sure other factual situations will arise which might be considered equally as worthy of exception and exception after exception would go on ad infinitum to the dismay of district courts and discredit to the enactments of representatives of the people.

As heretofore stated, the rules involving the allegations of jurisdiction have been repeatedly expressed in numerous opinions and cases since Cline v. Belt, (1942) supra. This court will continue to insist that allegations of jurisdiction as required by the statute must be expressly alleged. Notwithstanding the reference of counsel for the defendant in his brief to what he terms the "liberal" view, it is the judgment of this court that the rule now applied is the liberal rule because it respects the specific, unambiguous language of a Congressional enactment.

This whole matter is summed up finally in the language of Mr. Justice Stone in the opinion in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, on page 108, 61 S.Ct. 868, on page 872, 85 L.Ed. 1214:

> "Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined'. Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248; see Kline v. Burke Construction Co., 260 U.S. 226, 233, 234, 43 S.Ct. 79, 82, 67 L.Ed. 226, 24 A.L.R. 1077; Matthews v. Rodgers, 284 U.S. 521, 525, 52 S.Ct. 217, 219, 76 L.Ed. 447; cf. [Town of] Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249."

An order in conformity with this opinion is this day entered.