# CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* MAUCHER.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 85. Argued December 17, 18, 1918.—Decided January 7, 1919.

The freedom of the States to establish and apply their own laws and
  policies touching the validity of contracts exempting carriers from
  liability to passengers for injuries due to negligence, was not affected
  by the Carmack Amendment, which deals only with shipments of
  property. P. 363.

An employee of a circus was injured by the negligent operation of a
  passenger train of a railroad company while traveling upon a train
  owned by the circus, which was being hauled over the tracks of the
  railroad company by its locomotive and crew pursuant to a special
  contract declaring the company not a common carrier therein and
  not liable for negligence. *Held,* that the employee was not a
  passenger of the railroad company, and that his cause of action was
  based on the general right not to be injured by the negligence of
  another. *Id.*

Writ of error to review 100 Nebraska, 237, dismissed.

THE case is stated in the opinion.

*Mr. William D. McHugh,* with whom *Mr. William H. Herdman* and *Mr. John M. Kelley* were on the brief, for plaintiff in error:

Under these contracts, cars of the circus company loaded with paraphernalia, an extensive menagerie of wild animals, tents, equipment, horses, wagons, performers and employees, all comprising the circus outfit, were moved over the lines of the plaintiff in error in interstate commerce. The contracts fixed the rights and liabilities of the parties with respect to the shipment and transportation. This court has repeatedly held that the power of railroad companies to contract with respect to their liability in matters of interstate transportation, was the subject dealt with by the Carmack Amendment, and that, therefore, the laws and policies of particular States respecting the validity of such contracts, were superseded.

The validity of the contracts is a matter to be determined by the common law as declared by this court, and enforced by the federal courts throughout the United States.

The right of a common carrier, when acting outside the performance of its legal duties, as such, to contract as a private carrier and to stipulate for freedom from liability for injury, due to its negligence, to persons or property carried under such contract, is broadly recognized by this court. *Railroad Co.* v. *Lockwood,* 17 Wall. 357, 377; *Santa Fe, Prescott & Phœnix Ry. Co.* v. *Grant Brothers Construction Co.,* 228 U. S. 177.

Under the common law, as applied by this court and federal courts generally, the plaintiff in error was under no obligation, as a common carrier, to move the circus outfit over its line as it was moving at the time of the injury. The rendition of such service, and the terms upon which the same will be rendered, is a matter for private bargain.

The defendant in error, at the time of his injury, was

an employee of the circus and was being transported as such by his employer, as a part of its circus outfit, in a car and train belonging to his employer which his employer was running over the tracks of the plaintiff in error under the special contract. He had paid no fare and his only right to be there was by virtue of his contract of employment with the circus company and the special contract between plaintiff in error and the circus company. *Baltimore & Ohio S. W. Ry. Co.* v. *Voigt,* 176 U. S. 498, 512; *Railway Co.* v. *Mahoney,* 148 Indiana, 196; *Robertson* v. *Old Colony R. R. Co.,* 156 Massachusetts, 525; *Coup* v. *Railway Co.,* 56 Michigan, 111; *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Wallace,* 66 Fed. Rep. 506, 510; *Wilson* v. *Atlantic Coast Line R. R. Co.,* 129 Fed. Rep. 774; *Clough* v. *Grand Trunk Western Ry. Co.,* 155 Fed. Rep. 81; *Sager* v. *Northern Pacific Ry. Co.,* 166 Fed. Rep. 526, 527.

*Mr. Philip E. Horan,* with whom *Mr. J. A. C. Kennedy* and *Mr. Yale C. Holland* were on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Barnum & Bailey, who owned rolling stock adapted to carrying their circus equipment and personnel, made, in 1913, a special contract with the Chicago, Rock Island & Pacific Railway Company concerning transportation on its lines. The railway agreed for a sum fixed, to give the right to use its tracks and locomotives fully manned and supplied, to haul the circus trains. Barnum & Bailey agreed, among other things, that the railway was not acting therein as a common carrier; that it should not be liable for any injury, though arising from negligence, either to their own person or property or to that of any of their

employees; and that they would indemnify the railway against any such injury.

While the circus train was being moved in Nebraska, from Lincoln to Atlantic, Iowa, it was crashed into by one of the railway's regular passenger trains; and Maucher, an employee of the circus, was injured. He had, by his contract of employment, agreed to release all railroad companies from any claim for injuries suffered while travelling with the circus on their lines; but he brought, in a state court of Nebraska, an action against the railway for damages, alleging that he had been injured by its negligence. The railway defended on the ground that its contract with Barnum & Bailey, and thus with the plaintiff, operated to release it from all liability; that since the contract related to a movement in interstate commerce, its validity was to be determined by the federal law; and that by the federal law the contracts were valid, although undertaking to release the railway from liability; since it was not acting as common carrier. *Santa Fe, Prescott & Phœnix Ry. Co.* v. *Grant Brothers Construction Co.*, 228 U. S. 177. The trial court held that the liability was to be determined by the law of Nebraska; and entered judgment for plaintiff which was affirmed by the Supreme Court of the State. 100 Nebraska, 237. The case came here on writ of error under § 237 of the Judicial Code.

The railway admits that prior to the enactment of the Carmack Amendment (Act of June 29, 1906, c. 3591, § 7, 34 Stat. 584, 595) Congress had not dealt with the right of carriers to limit by contract their liability for injuries occurring in interstate transportation, and that consequently the States were free to establish their own laws and policies and apply them to such contracts. *Pennsylvania R. R. Co.* v. *Hughes*, 191 U. S. 477. But it contends that this power of the States was superseded by the Carmack Amendment, since that amendment dealt with the power of carriers to contract in respect to such liability;

*Adams Express Co.* v. *Croninger,* 226 U. S. 491; *Boston & Maine Railroad* v. *Hooker,* 233 U. S. 97; that it was the intention of Congress to deal with the whole subject; and that the rights of plaintiff in respect to personal injuries is governed by the federal law. But the Carmack Amendment deals only with the shipment of property. Its language is so clear as to leave no ground for the contention that Congress intended to deal with the transportation of persons. Furthermore, plaintiff was not even a passenger on the railway. His claim rests not upon a contract of carriage, but upon the general right of a human being not to be injured by the negligence of another. Compare *Southern Pacific Co.* v. *Schuyler,* 227 U. S. 601, 613. The case presents no substantial federal question. The writ of error is

*Dismissed.*