MAMIE G. FEASTER v. McLELLAND STORES COMPANY AND
C. H. ANDERSON.

(Filed 4 December, 1929.)

**1. Removal of Causes C b—In this case held: joint tort was alleged and petition for removal should have been denied.**

Where the plaintiff in her complaint alleges that she was injured by the negligence of the nonresident defendant in failing to provide a reasonably safe entrance to its store and the negligence of the resident manager in failing to maintain the same in a reasonably safe condition, over which the resident manager had control for his employer, a joint and not a severable tort is alleged as to both defendants, and the petition of the nonresident defendant for removal from the State to the Federal Court upon the ground of separable controversy should be denied.

**2. Same—In this case held: petition for removal on ground of fraudulent joinder should have been denied.**

Where the complaint alleges that the negligence of the resident and nonresident defendants concurred in causing the injury in suit, a joint tort is alleged, and it will not be considered as separable because in some respects the allegations of negligence alleged against the nonresident defendant may be of matters of which the resident defendant was only partially responsible, and it will not be held a fraudulent joinder to prevent the removal of the cause from the State to the Federal Court.

APPEAL by plaintiff from order of *Sink, Special Judge,* at September Term, 1929, of MECKLENBURG. Reversed.

This action was heard upon the petition of the McLelland Stores Company, a corporation organized under the laws of the State of Delaware, and doing business in this State, for the removal of the action from the Superior Court of Mecklenburg County, North Carolina, to the

District Court of the United States for the Western District of North Carolina, for trial, upon the ground that the cause of action alleged in the complaint is separable as between the defendants, and also upon the ground that its codefendant, C. H. Anderson, a resident of this State, was joined by plaintiff as a defendant in the action for the fraudulent purpose of depriving the petitioner of the right to its removal from the State Court to the Federal Court, under the act of Congress.

From the order removing the action in accordance with the prayer of the petitioner, plaintiff appealed to the Supreme Court.

*John M. Robinson and Frank R. McNinch for plaintiff.*
*Stewart, MacRae & Bobbitt for defendant.*

CONNOR, J. The defendant, McLelland Stores Company, is a corporation, organized under the laws of the State of Delaware; on and for some time prior to 25 February, 1927, the said company was engaged in the business of operating and conducting a store for the sale of merchandise, by retail, at Gastonia, N. C. The defendant, C. H. Anderson, a resident of this State, was the manager of said store, and as such manager had charge and supervision of said store.

Plaintiff, in her complaint, alleges "that at the times mentioned in this complaint, it was the duty of the defendant, C. H. Anderson, to supervise and inspect the store referred to in paragraph 4 hereof, and to exercise reasonable care to see that said store was placed and kept in a reasonably safe condition for the protection of the vast number of people who passed in and out of said store upon the invitation of the said Anderson and his codefendant."

"7. That on or about 25 February, 1927, the plaintiff, upon the invitation of defendants, went into the store referred to in paragraph 4 hereof; that as plaintiff was attempting to leave the store through one of the front doors thereof, she was knocked off her balance, and slipped down by reason of the negligence of the defendants as hereinafter more specifically set forth, and was thereby injured and damaged as hereinafter described."

Plaintiff alleges that she was injured by the joint and concurrent negligence of defendants, in that

"(a) They failed in the exercise of reasonable care to keep the said store, including the entrance and exits thereof, in a reasonably safe condition;

(b) They constructed and maintained the entrance to said store of tile placed upon an incline and allowed said entrance to become and remain in a slick, slippery and dangerous condition;

(c) Although they invited and encouraged vast numbers of people to use said entrance, they failed to adopt and employ suitable means to place and keep said entrance in a reasonably safe condition;

(d) They installed in said entrance dangerous and unsafe doors, and failed to equip said doors with safety appliances which were known, approved and in general use;

(e) They failed to equip said doors with devices which would check the speed thereof and prevent them from swinging with force and violence against persons using or attempting to use said entrance;

(f) They equipped said doors with springs of such strength and power as to cause said doors to swing back and forth with great force and violence and in such a manner as to jeopardize the safety of persons attempting to use said entrance;

(g) Although they knew or ought to have known that said doors swung back and forth with great force and violence, in such a way and manner as to endanger the safety of persons using or attempting to use said entrance, they failed to install on said doors any device, and failed to take any means to check the speed of said doors;

(h) They failed to warn patrons of said store in reference to the dangers arising from the conditions at said entrance hereinbefore more fully described."

Plaintiff alleges that as the result of the injuries which she sustained by reason of the negligence of defendants, she was damaged in the sum of $20,000.

The allegations of the complaint are sufficient to constitute a cause of action upon which both defendants are liable. It may be that the resident defendant cannot be held liable for some of the acts of negligence alleged in the complaint; if he is not liable for damages caused by the defective construction of the door and entrance to the store, he is liable for damages caused by his negligence in failing to exercise reasonable care to keep the said entrance in a reasonably safe condition for the use of customers and patrons of the store, and also in failing to exercise reasonable care to warn such customers and patrons of the dangers incident to the use of the door and entrance, which plaintiff alleges were negligently constructed by his codefendant and employer. Plaintiff has elected to allege in her complaint a cause of action upon which defendants are liable as joint *tort-feasors*. In such case, it is well settled that the cause of action is not separable for the purpose of removal from the State Court to the Federal Court, upon the petition of a defendant, who is a nonresident of the State in which the plaintiff resides and in which the action is brought. *Crisp v. Fibre Co.*, 193 N. C., 77, 136 S. E., 238, and cases cited in the opinion by *Stacy, C. J.*

Nor is this action removable from the State Court to the Federal. Court, for trial, upon the ground of a fraudulent joinder of the resident defendant. It appears upon the record that the resident defendant was the manager of the nonresident corporation, and had control and supervision of the store, including the door and entrance. If, as alleged in the complaint, he failed to exercise reasonable care to maintain both the door and the entrance to the store in a reasonably safe condition, for the use of its customers and patrons, and such failure was the cause of plaintiff's injury, or contributed to such injury, both he and his codefendant are liable for the damages resulting from her injuries. Upon the facts appearing on the record, it cannot be held that the joinder of the resident defendant in this action was for the fraudulent purpose of depriving the nonresident defendant of its right of removal under the act of Congress. *Givens v. Manufacturing Co.,* 196 N. C., 377, 145 S. E., 681; *Swain v. Cooperage Co.,* 189 N. C., 528, 127 S. E., 538.

There was error in the order for the removal of the action from the State Court to the Federal Court. The order is

Reversed.