Mrs. Bessie **CHUMLEY**, Plaintiff,

v.

**GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., a Corporation, and L. B. Chesson, Defendants.**

No. C–145–G–60.

United States District Court
M. D. North Carolina,
Greensboro Division.

March 3, 1961.

J. Owen Lindley and Robert S. Cahoon, Greensboro, N. C., for plaintiff.

Pierce, Wardlow, Knox & Caudle, Charlotte, N. C., for defendants.

EDWIN M. STANLEY, District Judge.

This matter is before the court on the motion of the plaintiff to remand the action to the State Court for trial.

The plaintiff, Mrs. Bessie Chumley, a citizen and resident of Virginia, instituted this action in the Superior Court of Rockingham County, North Carolina, on October 20, 1960, for the recovery of $150,000 damages for personal injuries allegedly sustained on November 12, 1959, from a fall in a Reidsville, North Carolina, grocery store owned and operated by the defendant, The Great Atlantic and Pacific Tea Company. Named defendants are The Great Atlantic and Pacific Tea Company, a Maryland corporation with its principal place of business outside of the State of North Carolina, and L. B. Chesson, a citizen and resident of North Carolina. Chesson was joined as a defendant on the allegation that he was the manager of the store owned and operated by the corporate defendant and that he had notice of the water, or substance, on the floor, and that his negligence is imputable to the corporate defendant.

The corporate defendant timely filed a petition for removal and caused the case to be removed to this court. The plaintiff thereafter moved to remand the case to the Superior Court of Rockingham County on the grounds that it was not a removable action under 28 U.S.C. § 1441(b).

The plaintiff alleges in her complaint that at the time of her injuries the individual defendant was the "store manager" of the corporate defendant, and as such "was completely in charge of the entire store operation which duties included the maintenance of safe conditions for the invitees purchasing food stuffs from the said store"; that both defendants "had notice of the water upon the floor by the produce counter," and that both "defendants were negligent in allowing the said water to remain upon the floor"; that the negligence of the individual defendant is "imputable" to the corporate defendant; that the individual defendant "knew and should have known, realized and should have realized, that the puddle of water upon the floor  *  * created a dangerous and hazardous condition for any and all persons using that portion of said store"; and that the fall and injuries of the plaintiff resulted from the negligence of the "defendants and both of them." The plaintiff prays that she recover judgment "of the defendants, and each of them, in the sum of $150,-000.00."

In its removal petition, filed on November 2, 1960, the corporate defendant asserts that the individual defendant was "fraudulently and improperly joined as a co-defendant" for that "the complaint shows on its face that the plaintiff has neither alleged nor has a claim or cause of action" against the individual defendant, "and that whatever claim or cause of action the plaintiff may have by reason of the fall alleged in the complaint is against the corporate petitioner alone"; that the individual defendant is a "sham defendant, improperly joined by the plaintiff for the sole purpose of attempting to avoid and defeat removal of this action to this court"; that the "complaint alleges facts tending only to show that the tort upon which rests plaintiff's alleged action for damages arose from the non-delegable duty of the petitioner, and that there was no independent act of negligence attributable to" the individual defendant; that the allegations in the complaint do not state a valid cause of action against the individual defendant under the laws of the State of North

Carolina so as to render him personally liable to the plaintiff; that the individual defendant is an "immaterial, unnecessary, and improper party to this controversy"; that the individual defendant "owed no duty to the plaintiff * * * to give any warning or notice to the plaintiff or to remove any substance on the floor"; that the complaint "at best only alleges that the corporate defendant breached its non-delegable duties to the plaintiff"; and that even if the individual defendant "had notice or knowledge of water on the floor, such would still not render him personally liable to the plaintiff."

■ The petition for removal is predicated upon the well-established principle that the right of a defendant as to whom diversity of citizenship exists to remove the cause to a federal court "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 1921, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144; James v. National Pool Equipment Co., D.C.S.D.Ill. 1960, 186 F.Supp. 598.

■ The burden of proof is upon the defendant effecting the removal to show a fraudulent joinder. Wilson v. Republic Iron & Steel Co., supra. This being a diversity suit, the law of the State of North Carolina must be applied in determining whether the plaintiff has stated a cause of action against the individual defendant. Allison v. Great Atlantic & Pacific Tea Co., 4 Cir., 1938, 99 F.2d 507. In case of doubt, the issue should be resolved in favor of state court jurisdiction, the forum selected by the plaintiff. Locke v. St. Louis-San Francisco Ry. Co., 8 Cir., 1937, 87 F.2d 418. And in considering a motion to remand, the federal court will not consider whether a flaw could be found in the complaint on a special demurrer. Chicago, R. I. & P. Ry. Co. v. Schwyhart, 1913, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473. In Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 1949, 174 F.2d 788, 791, the court stated:

"The federal authorities are still potent to the effect that the plaintiff has the right to select the forum; to elect whether to sue joint tort-feasors jointly or separately; and to prosecute his own suit in his own way to a final determination. They are also potent to the effect that, if the complaint is filed in good faith, the cause of action, for the purpose of removal, is deemed to be that which the plaintiff has undertaken to make it; that the defendant cannot make separate a cause of action which the plaintiff has elected to make joint * * *."

The rule to be followed in considering a motion to remand cases such as the one under consideration, is well stated in Jones v. Capers, D.C.W.D.Ark.1958, 166 F.Supp. 617, 620, as follows:

"If the plaintiffs had, at the time the suit was filed, a reasonable basis for believing that the resident corporation is jointly liable with the other defendants, there is no fraudulent joinder. If it is clear that under the law of the state the facts asserted by the plaintiffs as a basis for the liability of the resident defendant could not possibly create a liability against it and the other defendant or defendants jointly, the joinder of such resident defendant is in law fraudulent. However, if there is doubt as to whether under the state law a case of joint liability is stated, or if there is doubt whether the allegations with respect to the resident defendant are false, as when that question depends upon the credibility of witnesses and the weight of the evidence, the joinder is not fraudulent. Morris v. E. I. Du Pont de Nemours & Co., 8 Cir., 68 F.2d 788. The same care must be exercised in protecting the jurisdiction of the state court with respect to a case not subject to removal as is exercised in protecting the jurisdiction of the federal court with respect to one that is removable."

■ It is a well settled rule in North Carolina that "where the wrong-

ful acts of two or more persons concur in producing a single injury and with or without concert between them, they may be treated as joint tort-feasors and, as a rule, sued separately or together at the election of plaintiffs." Raulf v. Elizabeth City Electric Light & Power Co., 1918, 176 N.C. 691, 97 S.E. 236, 238. Plaintiff is entitled to have her cause of action considered as stated in her complaint, and if there has been a joint tort committed, she is entitled to sue the wrongdoers jointly or separately. Hollifield v. Southern Bell Telephone & Telegraph Company, 1916, 172 N.C. 714, 90 S.E. 996.

In testing the allegations of the complaint by North Carolina decisions, it cannot be said that the allegations, if supported by credible proof, would not establish joint liability on the part of both defendants. Neither can it be said that the joinder of the individual defendant, a resident of North Carolina, is in law fraudulent.

The North Carolina decision most factually similar to the case under consideration is Feaster v. McLellan Stores Co., 1929, 198 N.C. 31, 150 S.E. 639, 640. There the plaintiff brought an action against the McLellan Stores Company, a non-resident corporation, and its resident store manager, to recover damages for injuries resulting from a fall in one of the corporate defendant's North Carolina stores. The plaintiff alleged that her injuries resulted from the joint and concurrent negligence of the corporate defendant and its resident store manager. In discussing whether or not the resident store manager had been joined as a defendant for the fraudulent purpose of defeating removal from the state court to the federal court, the Supreme Court of North Carolina stated:

"The allegations of the complaint are sufficient to constitute a cause of action upon which both defendants are liable. It may be that the resident defendant cannot be held liable for some of the acts of negligence alleged in the complaint; if he is not liable for damages caused by the de-fective construction of the door and entrance to the store, he is liable for damages caused by his negligence in failing to exercise reasonable care to keep the said entrance in a reasonably safe condition for the use of customers and patrons of the store, and also in failing to exercise reasonable care to warn such customers and patrons of the dangers incident to the use of the door and entrance, which plaintiff alleges were negligently constructed by his codefendant and employer. Plaintiff has elected to allege in her complaint a cause of action upon which defendants are liable as joint tort-feasors. In such case, it is well settled that the cause of action is not separable for the purpose of removal from the state court to the federal court, upon the petition of a defendant, who is a non-resident of the state in which the plaintiff resides and in which the action was brought. Crisp v. [Champion] Fibre Co., 193 N.C. 77, 136 S.E. 238, and cases cited in the opinion by Stacy, C. J.

"Nor is this action removable from the state court to the federal court, for trial, upon the ground of a fraudulent joinder of the resident defendant. It appears upon the record that the resident defendant was the manager of the nonresident corporation, and had control and supervision of the store, including the door and entrance. If, as alleged in the complaint, he failed to exercise reasonable care to maintain both the door and the entrance to the store in a reasonably safe condition, for the use of its customers and patrons, and such failure was the cause of plaintiff's injury or contributed to such injury both he and his codefendant are liable for the damages resulting from her injuries."

■ Here, as in the Feaster case, the plaintiff has alleged joint and concurrent negligence of both defendants, and it cannot be said that the joinder of the resident defendant was for the fraudulent

purpose of depriving the non-resident defendant of its right of removal.

Being of the opinion that the action was improvidently removed to this court, it is concluded that same should be remanded to the state court for trial.