George ACCOLA, Plaintiff,

v.

P. W. FLETCHER, d/b/a Missouri Transit Lines and Arthur Quentin Carroll, Defendants.

Stanley ACCOLA, a Minor by Betty Accola, his guardian, Plaintiff,

v.

P. W. FLETCHER, d/b/a Missouri Transit Lines and Arthur Quentin Carroll, Defendants.

Nos. 765 and 766.

United States District Court
N. D. Iowa,
Cedar Rapids Division.
March 4, 1963.

D. J. Ibeling, D. M. Elderkin, Cedar Rapids, Iowa, for plaintiffs.

John D. Randall, Cedar Rapids, Iowa, for defendants.

McMANUS, Chief Judge.

The above cases arise out of the same automobile collision and involve the same issues. They are now before the court on plaintiff's Motion to Remand to State Court, filed in each case on January 7, 1963, and defendant, Arthur Quentin Carroll's Resistance thereto, filed January 22, 1963.

From the record, it appears that on October 3, 1962, these actions were filed by plaintiffs in the District Court of Iowa, in and for Linn County, and removed to this court by separate petition of defendant, Arthur Quentin Carroll, on November 1, 1962. Plaintiffs, citizens and residents of Iowa, in their Complaint (Petition) claim damages from the defendants as a result of personal injuries

and property damage allegedly suffered in a collision between a car owned and driven by plaintiff George Accola and a bus driven by defendant Arthur Quentin Carroll and owned by defendant, P. W. Fletcher, d/b/a Missouri Transit Lines. The Complaint further alleges that defendant Carroll, at the time of the collision, was in the employ of P. W. Fletcher, d/b/a Missouri Transit Lines and was operating the bus with the knowledge, consent and permission of defendant Fletcher, d/b/a Missouri Transit Lines. Minor plaintiff, Stanley Accola, was the son of plaintiff, George Accola and a passenger in his father's car. The collision occurred at about 8:15 a. m. "on or about January 1, 1961," at an intersection near the southwesterly city limits of Cedar Rapids, Iowa. Defendant Arthur Quentin Carroll is a resident and citizen of the state of Missouri and the defendant P. W. Fletcher is a resident and citizen of the state of Iowa.

In his Petition for Removal, defendant Carroll alleges that the defendant, P. W. Fletcher, d/b/a Missouri Transit Lines, was made a party to the action in the state court in the mistaken belief that Carroll was an employee of Fletcher. In his Answer, filed in this court on November 6, 1962, Carroll further denies on information and belief that Fletcher, d/b/a Missouri Transit Lines, was the owner of the bus.

In his resistance to the Motion to Remand, defendant Carroll has attached the Affidavit of one Russell I. Hess, dated January 16, 1963 wherein the affiant, after stating that he conducted the negotiations and sale of the assets of Missouri Transit Company, Inc. through a power of attorney on behalf of defendant P. W. Fletcher, further stated:

"* * * As of 12:01 a. m. January 1, 1961, the operating rights and equipment, including the 1956 (sic) Beck Bus carrying 1961 Missouri License Number 465–065, were purchased by Nels J. Koch and Dorothy L. Koch, husband and wife, with a specific understanding, however, that said purchasers would immedi-

ately cause to be formed an Iowa corporation known as Missouri Transit Lines, Inc. which would thereupon assume and undertake each and all of the obligations and rights and liabilities for the operation of said bus line as of 12:01 a. m. January 1, 1961; that the only reason for the delay in the creation of said Missouri Transit Lines, Inc. was the fact that said corporation was not to be organized until the sale and transfer from P. W. Fletcher was assured."

██ From an early date it has been the general rule in federal courts that diverse citizenship between all parties on both sides is essential to federal jurisdiction. 28 U.S.C.A. § 1332, cases cited under note 184. The same general rule applies as to removability, 28 U.S.C.A. § 1441(b), cases cited under note 177. Two exceptions to this general rule on removability are separable controversies and improper joinder of resident defendants. No question of separable controversy has been raised in this case. Jurisdictional amount being present, the central issue before the court is the propriety of the joinder of resident defendant P. W. Fletcher, d/b/a Missouri Transit Lines.

██ Where the plaintiff has joined resident and non-resident defendants, the non-resident has the privilege, by removal, to challenge plaintiffs' good faith in the joinder, Gillette v. Koss Construction Company, D. C., 149 F.Supp. 353; Davis v. Standard Oil Co. of Indiana, 8 Cir., 47 F.2d 48. In the Gillette case, supra, after pointing out the exception, the court describes the non-resident's burden as follows:

"However, he has the heavy burden of showing that the joinder was made without any reasonable legal basis and solely to defeat removal. Clear and convincing evidence is needed compelling the conclusion that the joinder is without right and is made in bad faith."

For this court to declare an improper fraudulent joinder, it must be convinced

that the plaintiff intentionally or otherwise joined defendant Fletcher as a defendant who cannot be liable to plaintiff on any reasonable legal ground on the cause of action set forth in the Complaint. In determining plaintiffs' good faith, the court is not required to try doubtful issues of law or questionable issues of fact and generally should restrict itself to the allegations of plaintiffs' Complaint. Huffman v. Baldwin, 8 Cir., 82 F.2d 5; Gillette v. Koss Construction Company, supra.

 In his Petition for Removal, defendant Carroll does not specifically attack plaintiffs' good faith in the joinder of Fletcher. Neither does he plead fraud. He uses this language, "That the defendant P. W. Fletcher, d/b/a Missouri Transit Lines, has been made a party to the action in the mistaken belief that this defendant was an employee of said P. W. Fletcher." Fraudulent joinder, like any other allegation of fraud, must be pleaded with particularity and proven with certainty. It cannot be inferred from a mere misjoinder of parties, McLeod v. Cities Service Gas Company, 10 Cir., 233 F.2d 242.

Under Iowa law an owners' liability may be predicated upon driving with his consent, as pleaded by plaintiffs, regardless of an employer-employee relation, Code of Iowa 1958 § 321.493, I.C.A. Though the ownership of the bus at the time of the collision is in dispute, defendant Carroll's affiant, Mr. Russell I. Hess states:

> " * * * that the only reason for the delay in the creation of said Missouri Transit Lines, Inc. was the fact that said corporation was not to be organized *until the sale and transfer from P. W. Fletcher was assured.*" (emphasis supplied)

This of itself gives credence to plaintiffs' good faith in joining Fletcher, particularly where defendant claims a change of ownership less than nine hours before the accident. The factual question as to the ownership of the bus is, in this court's view, a proper matter to be determined at trial.

In case of doubt, the issue should be resolved in favor of state court jurisdiction, the forum selected by the plaintiffs, Chumley v. Great Atlantic & Pacific Tea Company, D. C., 191 F.Supp. 254. Since removal statutes are designed to restrict the jurisdiction of federal court, traditionally they have been strictly construed and all doubts are resolved against removal. Hughes v. United Engineers & Constructors, Inc., D.C., 178 F.Supp. 895.

The court concludes that defendant Carroll has failed to allege and prove improper fraudulent joinder of the resident defendant.

From the record and for the foregoing reasons, it is ordered

That plaintiffs' Motions to Remand, filed January 7, 1963 in these actions are sustained and said actions are remanded to the District Court of Iowa in and for Linn County at Cedar Rapids.

It is further ordered that defendant Arthur Quentin Carroll pay such costs as have accrued in this court and the Clerk mail a copy of this Order to the Clerk of said court.