**Clinton DEES, Plaintiff,**

v.

**AMERICAN CYANIMID COMPANY, a corporation and Mississippi Export Railroad Company, a corporation, Defendants.**

**Civ. A. No. 3668.**

United States District Court
S. D. Mississippi, S. D.
Feb. 19, 1969.

---

3. See note 2, *supra.*

Cumbest, Cumbest & Shaddock, Pascagoula, Miss., for plaintiff.

Williams S. Murphy, Lucedale, Miss., for defendant Mississippi Export R. Co.

David Cottrell, Jr., Gulfport, Miss., for defendant American Cyanimid Co.

## OPINION OF THE COURT

NIXON, District Judge.

Plaintiff, Clinton Dees, filed an action for damages in the Circuit Court of Jackson County, Mississippi, against American Cyanimid Company and the Mississippi Export Railroad Company. Both defendants joined in a petition for removal of the action to this Court and subsequently each moved to dismiss Mississippi Export Railroad as a party. Plaintiff filed a motion to remand and the Court heard both motions on January 17, 1969.

The plaintiff is a citizen of Alabama. Defendants American Cyanimid and Mississippi Export Railroad are incorporated under the laws of the States of Maine and Mississippi, respectively. Since one of the defendants is a resident of the State of Mississippi for purposes of federal diversity jurisdiction, federal jurisdiction is lacking absent dismissal of that party. 28 U.S.C. sec. 1441(b). The defendants acknowledge this fact by their motion to dismiss the Mississippi

defendant. There is a serious question, however, of whether the Court should consider this motion absent an allegation of fraudulent joinder in the removal petition. But pretermitting that procedural point, the Court finds that Mississippi Export Railroad was not fraudulently joined as a party defendant and therefore, that federal jurisdiction is lacking. Plaintiff's motion to remand will be granted.

## I.

Defendants' removal petition cited diversity of citizenship as the basis for federal jurisdiction and contained no allegation of a fraudulent joinder of Mississippi Export Railroad. In fact, defendants never alleged fraudulent joinder, although their argument at the hearing of the motions to dismiss and remand was clearly based on that theory. This Court is willing to dispose of the motions before it as if the defendants had alleged fraudulent joinder in their petition to remove. However, several *federal district courts have not been so* generous. They have refused to allow defendants to amend faulty removal petitions once the time for filing such petitions has elapsed.[1] At least one district court[2] has remanded without consideration of the merits of a fraudulent joinder claim where the defendant failed to allege fraudulent joinder in his removal petition and did not correct that omission before the time for filing removal proceedings had elapsed, which is precisely the situation in the instant case.[3] These district courts have reasoned that, while 28 U.S.C. sec. 1653 allows amendment of "defective allegations of jurisdiction," that section does not allow amendment where the effect is to set up a new jurisdictional ground and not merely to amend a defectively stated ground.[4]

Despite these decisions, this Court, on the facts presented here, is disposed to consider the question of fraudulent joinder of Mississippi Export Railroad. The Fifth Circuit has explicitly stated that "the rules of notice pleading apply with as much vigor to petitions for removal as they do to other pleadings."[5]

Plaintiff here was on notice of what defendants intended to advance as their basis for removal jurisdiction within the 30-day removal period set by section 1446(b). Plaintiff filed his declaration in the state court on December 6, 1968. On December 23, 1968, defendants petitioned to remove, putting plaintiff on notice that defendants sought to invoke federal removal jurisdiction. Then on January 3, 1969—within the 30-day removal period—defendant American Cyanimid filed a motion to dismiss Mississippi Export Railroad as a party, thereby putting plaintiff on notice that defendants would assert that Mississippi Export Railroad was improperly joined. If pleadings are to be tested by their adequacy in putting the opposing party on notice, this Court feels that defendants' removal petition and the subsequent motion to dismiss taken together were adequate in advising plaintiff of what defendants intended to rely on.

---

1. *E.g.*, Walsh v. American Airlines, Inc., 264 F.Supp. 514 (E.D.Ky.1967); Smith v. Dealers Transit, Inc., 239 F.Supp. 605 (E.D.Tenn.1965); Bradford v. Mitchell Brothers Truck Lines, 217 F.Supp. 525 (N.D.Calif.1963); Carlton Properties, Inc. v. Crescent City Leasing Corp., 212 F.Supp. 370 (E.D.Pa.1962); Eubanks v. Krispy Kreme Donut Co., 208 F.Supp. 479 (E.D.Tenn.1961).

2. Alvey v. Sears, Roebuck & Company, 162 F.Supp. 786 (W.D.Mo.1958).

3. Defendants did not set out fraudulent joinder of the Mississippi defendant as the basis for federal removal jurisdiction, nor did they amend their petition to correctly state such grounds prior to expiration of the 30-day removal period allowed by 28 U.S.C. 1446(b).

4. That section 1653 applies to removal petitions as well as original pleadings, see Firemen's Insurance Company v. Robbins Coal Company, 288 F.2d 349 (5th Cir. 1961).

5. Rachel v. Georgia, 342 F.2d 336, 340 (5th Cir. 1965).

Furthermore, the Court is not altogether convinced that the narrow reading given section 1653 by other district courts [6] is warranted. The Second Circuit recently pointed out that section 1653 is "usually * * * to be construed liberally to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist." [7] However, the Court also recognizes the policy of strict construction against federal removal jurisdiction,[8] and were it not for defendants' motion to dismiss filed within the 30-day removal period, would be constrained to follow the district courts which have granted remand in cases similar to the one now before the Court.

## II.

■■■ On the merits of the motion, defendants in effect argue first that plaintiff's recovery against Mississippi Export Railroad depends upon whether that railroad is a "delivering carrier" as alleged in the plaintiff's declaration. They cite the Carmack Amendment, 49 U.S.C. sec. 20, as establishing that Mississippi Export Railroad is not a "delivering carrier." However, that amendment is not applicable here, and even if it were, the liability of Mississippi Export Railroad would not depend on whether it was characterized as a "delivering carrier." The Carmack Amendment was passed to facilitate commerce by giving a remedy for damages to goods directly against the issuer of a receipt or bill of lading.[9] However, a remedy over against any connecting carrier primarily responsible for the damage is also provided. 49 U.S.C. sec. 20(12). Thus, a recovery against Mississippi Export Railroad would not be precluded here merely because it was not the issuer of a receipt or bill of lading. Foremost, however, is the fact that the Carmack Amendment applies only to property damage,[10] whereas the cause of action here seeks damages for personal injury.

Since the Carmack Amendment does not control the question of liability, this Court must consider the common law of negligence as developed by the Mississippi cases to determine if plaintiff has stated a cause of action against Mississippi Export Railroad which will withstand an allegation of fraudulent joinder. The most frequently cited test for this purpose was set out by the Fifth Circuit in Parks v. New York Times Company, 308 F.2d 474 (5th Cir. 1962): "there can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming." The Fifth Circuit most recently expressed the test in this language: "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law." [11]

■■■ Applying this standard, this Court cannot say that there is no "rea-

---

6. See cases cited in note 1, *supra*.

7. John Birch Society v. NBC, 377 F.2d 194, 198–199 (2d Cir. 1967). *See also* Carwile v. Public Service Company, 315 F.2d 301 (7th Cir. 1963), where the policy of liberal interpretation of section 1653 was followed to the extent of allowing amendment of a bill of complaint to properly allege jurisdiction after lapse of the statute of limitation as to the cause of action in suit.

8. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

9. Reider v. Thompson, 339 U.S. 936, 70 S.Ct. 663, 94 L.Ed. 1354 (1950).

10. Chicago, Rock Island & Pacific Railway Co. v. Maucher, 248 U.S. 359, 39 S.Ct. 108, 63 L.Ed. 294 (1919).

11. Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176–177 (5th Cir. 1968).

sonable basis for predicting that the state law might impose liability", nor can this Court say that there could clearly be no recovery under the cause of action alleged. Neither party has cited a Mississippi case which settles the liability of a carrier performing functions such as that performed by Mississippi Export Railroad here. Both sides cite the Mississippi Supreme Court case of Illinois Central Railroad v. Crawford, 244 Miss. 300, 143 So.2d 427 (1962), in which the Court indicated that a delivering carrier is under a duty to make reasonable inspection of its cars to determine if they are safe for unloading. Whether the Mississippi court would make such a holding in the case of a carrier which performed functions similar to Mississippi Export Railroad's is open to conjecture. Because the Court indicated that one type of carrier owes such a duty does not preclude a similar duty being placed on carriers which perform other functions. Nor is it clear whether the Mississippi courts would consider Mississippi Export Railroad a "delivering carrier." Thus a Mississippi court might hold Mississippi Export Railroad "as delivering carrier, owed the Plaintiff the duty of making a reasonable inspection * * * ", as alleged in plaintiff's declaration; or it might hold that Mississippi Export Railroad had such a duty though not classified as a "delivering carrier" by the Court.

In short, the Mississippi law as to the duty owed by various carriers—whether connecting, switching, or delivering—is unsettled. In that state of the law, it must be said that "there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." The lack of an exact legal precedent does not render the joinder fraudulent.[12]

Since Mississippi Export Railroad Company was not fraudulently joined, federal removal jurisdiction is lacking under 28 U.S.C. sec. 1441(b) and this cause is accordingly remanded to the Circuit Court of Jackson County, Mississippi.

---

12. Dudley v. Community Public Service Company, 108 F.2d 119 (5th Cir. 1939).