HILTON INTERNATIONAL CO. and Hilton Riviera Corporation, Petitioners-Defendants,

v.

Cutberto Martinez SANCHEZ et al., Respondents-Plaintiffs,

v.

PUERTO RICO LAND AND DEVELOPMENT CORPORATION et al., Defendants.

Civ. No. 1000-71.

United States District Court, D. Puerto Rico.

Feb. 10, 1972.

Juan Carlos Pérez Otero, of Cohen & Lespier, Hato Rey, P. R., for petitioners-defendants.

Luis F. Sanchez-Vilella, Sarah Torres Peralta, Santurce, P. R., for defendants.

Luis A. Maldonado Soto, Bayamón, P. R., for respondents-plaintiffs.

## ORDER

TOLEDO, District Judge.

This cause is presently before the Court upon codefendants, Hilton International Company and Hilton Riviera Corporation, petition for removal of civil case number 71–4608, Cutberto Martínez Sanchez, et al. vs. Puerto Rico Land and Development Corporation; Hilton International, Inc.; Dorado Hilton Hotel Corp.; Hilton Riviera Corp. and Gaspar Roca, filed in the Superior Court of Puerto Rico, Bayamón Section.

Removal in this case is claimed under the provisions of 28 United States Code, Sections 1332 and 1441, referring to the jurisdiction of this Court under the diversity of citizenship provisions and the right to remove such action whenever filed in state courts. The plaintiffs as well as codefendants, Dorado Hilton Hotel Corporation, Puerto Rico Land and Development Corporation and Gaspar Roca, filed motions to remand on January 14, 1972 and on January 20, 1972, respectively.

It is petitioners' Hilton International Co. and Hilton Riviera Corporation allegation that there is diversity of citizenship between them and the plaintiffs, but that all other defendants have been fraudulently joined with the express purpose of defeating the jurisdiction of this Court and are thus sham defendants.

An examination of all the pleadings and the evidence submitted by each party in support of their allegations, reveals the following:

■ 1.—On November 15, 1971, a complaint was filed in the Superior Court of Puerto Rico, Bayamón Section, under docket number 71–4608. In that complaint, plaintiffs allege as their cause of action that there exists an employment relationship between them and all codefendants, claiming that they have worked from August 1962 to August 1970, as caddies. They claim from codefendants jointly and severally the sum of $1,200,000.00 for wages and services rendered as their employees while they operated Dorado Hilton Hotel in Dorado, Puerto Rico. This is one of several similar cases involving similar wage claims, against same defendants, with apparent common set of facts and points of law.[1] All other cases have been routinely processed before the Superior Court of Puerto Rico, Bayamón Section, and in all of them the petitioners submitted to the jurisdiction of the local courts and have never raised the diversity of citizenship issue before this Court. It is then clear that, absent extraordinary reasons, case 71–4608 could properly be subject to consolidation with the other cases.

2.—On December 20, 1971, codefendants petitioners, Hilton International Co. and Hilton Riviera Corporation, filed in the Superior Court a motion for extension of time in which to plead, which was granted and in which petitioners then filed the present petition for removal.

3.—Plaintiffs were at the time the case was filed in the Superior Court, and still are citizens of the Commonwealth of Puerto Rico, as are the codefendants Puerto Rico Land and Development Corporation, Gaspar Roca and Dorado Hilton Hotel Corporation.

4.—Codefendant-petitioners, International Hilton Hotel Co. and Hilton Riviera Corporation, were at the time of filing in the Superior Court, and still are, corporations incorporated under the laws of the State of Delaware, United States of America.

---

1. Pedro López Rivera, et als vs. Hilton Riviera Corp., et als, 70–3395; José A. Rosario, et als vs. Hilton Riviera Corp., et als, 70–567; Alberto Miranda Alvarez, et als vs. Hilton Riviera Corp., et als, 70–4272; Pedro J. Barreto, et als vs. Hilton International Co., et als, 70–791; Armando Ortiz Vega vs. Hilton Riviera Corp., et. als, 70–792; Felipe Arroyo vs. Hilton International Co., et als, 70–1189.

5.—In their complaint, plaintiffs allege to have worked in Dorado Hilton Hotel from the period of time between August 1962 and June 30, 1963, and since this codefendant admits the operation of that Hotel from August 1962 to June 30, 1963, when a contract of lease of the Hotel premises was signed between this codefendant and codefendant petitioner, Hilton International Company, date in which codefendants-petitioners began the operation of the hotel pursuant to such contract, codefendant Dorado Hilton Hotel, could be liable to plaintiffs if they prove their cause of action for their claim involving the period of time between August 1962 to June 30, 1963; and said codefendant, Dorado Hilton Hotel is properly joined and is not a sham defendant.

6.—Puerto Rico Land and Development Corporation operated a hotel on the premises for more than a year in 1962 and 1963, until Hilton took over its operation on July 1st, 1963. This fact is expressly admitted by codefendant, Puerto Rico Land Development Corporation in its motion to remand, and such admission has not been controverted before this Court by any other party in case 71–4608.

Whereby, Puerto Rico Land and Development Corporation is not a sham defendant and this case is not one of fraudulent joinder under the terms of Sections 1332 and 1441. This fact is sufficient to defeat removal under prevailing law because this precludes completely the diversity of citizenship on both sides. DeFoe v. Florance, et al., D.C.Va.1969, 307 F.Supp. 100; Wood v. Midwest Trucking Co., D.C.Mo.1963, 221 F.Supp. 358; Accola v. Fletcher, D.C. Iowa, 1963, 216 F.Supp. 202.

7.—Codefendants: Hilton International Co. and Hilton Riviera Corporation petition for removal does not contain any allegation, nor have petitioners submitted any supporting evidence, to sustain their conclusion that Dorado Hilton Hotel Corporation has been improperly joined in bad faith and for the express purpose of defeating the juris-diction of this Court. From all documents filed, it appears that under a lease agreement between Hilton International, Inc. (predecessor of Hilton International Co.), and Mulas Corporation (name subsequently changed to Dorado Hilton Hotel Corporation), a lease agreement was signed on June 30, 1963, whereby Hilton would operate the hotel under a profit sharing plan of 75%–25% participation by both lessor and lessee. After several years of operation by Hilton under such lease agreement, same was rescinded by mutual agreement of the parties on April 4, 1971.

Plaintiffs claim that under such circumstances there is joint responsibility by both Dorado Hilton Hotel Corporation and Hilton International Company and its subsidiary Hilton Riviera Corporation, on the basis of a joint venture proposition under the terms of the original lease agreement. Without entering on the merits, and for the only purpose of deciding on the issue of removal before us, this Court believes that the joint venture issue raised by plaintiffs is sufficiently debatable and, to say the least, controversial, as to preclude removal. It has long been decided that it is enough to allow a case to stay in the local court if the outcome of the claim against defendant precluding removal is doubtful or if the basis of responsibility of such defendant is at least debatable. Morris v. E. I. DuPont De Nemours & Co., CCA Mo., 1934, 68 F.2d 788: The existence of sufficient doubt as to the liability is sufficient to preclude removal. Wells v. Missouri Pac. R. Co., et al., CCA Ark., 1937, 87 F.2d 579. To the same effect Dees v. American Cyanimid Co., D.C.Miss.1969, 296 F.Supp. 615.

The instant case seems to be one of *prima facie* joint liability, or so claims plaintiffs. No allegation of bad faith is even suggested, and no inference of such bad faith can be reasonably made from all documents submitted. No challenge of the good faith of plaintiffs in joining Dorado Hilton Hotel Corporation, Puerto Rico Land and Development Corporation

and Gaspar Roca is seriously made by petitioners. Under such circumstances, this Court must deny the petition for removal. See Howard v. General Motors Corp., D.C.Miss.1968, 287 F.Supp. 646; Quinn v. Post, D.C.N.Y.1967, 262 F. Supp. 598.

Whereby, the Court concludes that case 71–4608 filed in the Superior Court, Bayamón Section, is not subject to removal to this Court.

Wherefore, the petition for removal filed by Hilton International Company and Hilton Riviera Corporation is denied and motion to remand filed by plaintiffs and codefendants Puerto Rico Land and Development corporation, Dorado Hilton Hotel Corporation and Gaspar Roca, is hereby granted. Case is hereby remanded to the Superior Court of Puerto Rico, Bayamón Section, for further proceedings in accordance to law.

It is so ordered.