# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3502

_____

Michael Fergin

*Plaintiff - Appellant*

Ace American Insurance Company

*Plaintiff*

v.

Westrock Company

*Defendant*

Magnum LTL, Inc.; XPO; Magnum Dedicated, Inc.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: December 10, 2019
Filed: April 9, 2020

_____

Before SMITH, Chief Judge, LOKEN and GRASZ, Circuit Judges.

_____

SMITH, Chief Judge.

The Carmack Amendment requires certain common carriers to "issue a receipt or bill of lading for property." 49 U.S.C. § 14706(a)(1). They are then "liable to the person entitled to recover under the . . . bill of lading" "for the actual loss or injury to the property." *Id.* For over a century, the Supreme Court has found that, where it applies, the Amendment preempts shippers' state-law claims. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913). In two orders, the district court held that the Amendment preempted the state-law personal injury claim of Michael Fergin (a third party). We reverse.

## I. *Background*

Michael Fergin is employed by Becton Dickinson, Inc. (BD). BD purchased cardboard boxing materials from Westrock. Westrock hired XPO and Magnum (collectively, "the defendants") to ship those materials to BD. XPO stored the goods in a warehouse and, upon Westrock's order, loaded the goods into a trailer. Magnum Dedicated, Inc. (collectively with Magnum LTL, Inc., "Magnum") picked up the trailer and transported it to BD.

On February 18, 2013, BD received delivery of the cardboard boxes. Because of a lack of space at the loading dock, the driver took the trailer containing the boxes to a storage lot. The next day, Fergin, a BD employee, drove the trailer from the storage lot to a vacant dock. Before backing the trailer into the dock, Fergin had to open the trailer's doors. As he opened the left door, a stack of cardboard boxes fell out and struck Fergin, causing him to fall to the ground. The fall fractured Fergin's shoulder.

Fergin filed suit against Westrock[1] in Nebraska state court. The case was removed to federal court. In his second amended complaint, Fergin also brought a single negligence claim against the defendants for damages related to his bodily injury.

Magnum moved for summary judgment, arguing that the Carmack Amendment preempted Fergin's state-law claim. The Amendment requires a carrier under the jurisdiction of the Transportation Act to issue a bill of lading for property it receives for transport and makes the carrier liable for damages resulting from its transportation or service. The carrier's liability is "to the person entitled to recover under the receipt or bill of lading." 49 U.S.C. § 14706(a)(1). The Supreme Court has noted that "[t]he words of the statute are comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." *Se. Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936) (per curiam) (internal quotations omitted).

The district court opined that "[c]ircuit court decisions examining Carmack preemption of personal injury claims generally fall under one of two theories—those that look to the harm alleged and those that look to the carrier's conduct." *Fergin v. Westrock Co.*, No 8:16-cv-26, 2018 WL 3032551, at *3 (D. Neb. June 15, 2018). The court concluded that our circuit precedent indicates an "endorsement of the conduct-based approach." *Id.* at *4 (citing *Fulton v. Chi., Rock Island & Pac. R.R.*, 481 F.2d 326, 332 (8th Cir. 1973)). Based on the "causal proximity between Magnum['s] . . . conduct, the damage to the cardboard, and Fergin's injuries," the court found that the Carmack Amendment preempted Fergin's claim. *Id.* The court, therefore, granted Magnum's motion for summary judgment. *Id.* at *6.

Relying on the district court's decision, XPO filed a motion for summary judgment, arguing that it was also a carrier under the Carmack Amendment. The

---

[1]Westrock is no longer a party in the case.

district court found that XPO satisfied the relevant statutory definitions. *Fergin v. XPO*, No. 8:16-cv-26, 2018 WL 5810496, at *4 (D. Neb. Nov. 6, 2018). The district court concluded that XPO—like Magnum—was a carrier for purposes of the Carmack Amendment. *Id.* Thus, the Amendment preempted Fergin's claim against XPO. *Id.* Fergin appeals both rulings.

## II. *Discussion*

Fergin's appeal hinges on whether the Carmack Amendment preempts Fergin's personal injury claim. Textually, it does not. The Amendment provides:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable *to the person entitled to recover under the receipt or bill of lading*. The liability imposed under this paragraph *is for the actual loss or injury to the property* caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States . . . when transported under a through bill of lading . . . .

49 U.S.C. § 14706(a)(1) (emphases added). The Amendment's text only limits claims brought by "the person entitled to recover under the receipt or bill of lading" and to only apply to "the actual loss or injury to the property." *Id.* Fergin is not entitled to recover under the bill of lading,[2] and his claim is for his own personal injury, not loss to BD's property. Therefore, based on the text alone, the Carmack Amendment does not preempt Fergin's claim.

---

[2]Because we find that the Carmack Amendment does not apply for a different reason, we need not reach the defendants' argument otherwise.

The defendants do not argue otherwise. Rather, they claim that case law has expanded the Amendment's preemptive effect. Even assuming that is so, we find that case law has not expanded that effect so far as to preempt Fergin's claim.

In *Croninger*, the Supreme Court described the Amendment's preemption of common law:

> [T]he legislation supersedes all the regulations and policies of a particular state upon the same subject . . . . It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.

226 U.S. at 505–06. The Court in *Croninger* only discussed "the liability of the carrier *under a bill of lading.*" *Id.* at 505 (emphasis added). *Croninger* says nothing about the liability of carriers to third parties physically injured during the execution of the bill of lading. It had no reason to: The plaintiff there, a party to the bill of lading, sought damages for his loss of property. *Id.* at 492–93. Specifically, he shipped a diamond ring, which was never delivered. *Id.* at 492. When he brought suit to recover the full-market value, the carrier argued that the bill of lading, which stated that "the shipper agrees that the value of said property is not more than $50, unless a greater value is stated herein," limited the damages. *Id.* at 493. The Court found that the Amendment preempted the plaintiff's common law claim, and so the bill of lading controlled. *Id.* at 508–13.

In short, *Croninger* involved the parties to a bill of lading and dealt with damage or loss to the property shipped. The Court's preemptive language does not address personal injury claims by third parties.

To date, the Court has not held that the Carmack Amendment preempts a state-law personal injury. In fact, in one case, the Court held that the Carmack Amendment did not create a substantial federal question in a personal injury case. *Chi., Rock Island & Pac. Ry. Co. v. Maucher*, 248 U.S. 359, 363 (1919). There, the plaintiff was injured during a train crash and brought suit against the railroad. *Id.* at 362. The Court found that the Carmack Amendment did not apply because it "deals only with the shipment of property. Its language is so clear as to leave no ground for the contention that Congress intended to deal with the transportation of persons." *Id.* at 363. "Furthermore plaintiff was not even a passenger on the railway. His claim rests not upon a contract of carriage, but upon the general right of a human being not to be injured by the negligence of another." *Id.*

The Court's language in *Maucher* reinforces the view that "the Carmack Amendment deals *only* with the shipment of property." *Id.* (emphasis added). Fergin alleges physical injury caused by negligent loading of the cardboard shipment and its placement on a broken pallet. After the shipment was delivered, it fell on Fergin. Fergin's claim involves more than damage to a shipment of property—it involves a personal injury that arose after completion of the shipment to someone other than a party to the bill of lading. Fergin's claim rests "upon the general right of a human being not to be injured by the negligence of another," "not upon a contract of carriage." *Id.* Fergin's claim is not preempted by the Amendment.

The defendants imply that the Supreme Court has abrogated *Maucher*. Since *Maucher*, the Supreme Court described the Carmack Amendment as "comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." *Se. Express Co.*, 299 U.S. at 29 (internal quotation omitted). Seizing on this language, the defendants argue that Fergin's claim is preempted because it is based on "damage[] resulting from a[] failure to discharge a carrier's duty with respect to a[] part of . . . transportation." *Id.* (internal quotation omitted).

We disagree. The context of the cited language does not suggest that the Carmack Amendment preempts personal injury claims, even those that arise out of the transportation of property. The question in *Southeastern Express* was whether the Carmack Amendment applied, which would limit the damages that accrued as the result of a delayed delivery to those available under a declared-value clause. *Id.* at 28–29. The Court found that the Carmack Amendment preempted the property claims. *Id.* at 29–30. The sentence immediately following the cited language indicates the case's actual holding: "The statute thus applies to *damages caused by delay* in making delivery." *Id.* at 29 (emphasis added). Considering the context, we decline to read the court's language as broadly as the defendants prefer.

Further, the language actually predates the *Maucher* decision. It first appeared in *New York, Philadelphia, & Norfolk Railroad v. Peninsula Produce Exchange of Maryland*, 240 U.S. 34, 38 (1916), decided three years before *Maucher*. That undercuts the implication that its later quotation in *Southeastern Express* abrogated *Maucher*'s holding so as to extend its reach to personal injury suits.

We conclude the Supreme Court has not abandoned its dicta in *Maucher.* No Supreme Court case has held that the Carmack Amendment preempts personal injury claims by third parties. The defendants assert, however, that "[t]he analysis i[n] *Maucher* has been superseded by the 'harmed-based' and 'conduct-based' approaches of preemption under the Carmack Amendment." Appellee XPO's Br. at 21.

The district court accurately described those approaches:

> Circuit court decisions examining Carmack preemption of personal injury claims generally fall under one of two theories—those that look to the harm alleged and those that look to the carrier's conduct.

Under the harm-based approach, a personal injury claim is not preempted when the plaintiff alleges separate and independently actionable harms that are distinct from the loss of, or the damage to, the goods. While under the conduct-based approach, the only claims that escape preemption are those based on conduct separate and distinct from the delivery, loss of, or damage to goods.

*Fergin*, 2018 WL 3032551, at *3 (cleaned up). The court determined that this court "endorse[d] . . . the conduct-based approach." *Id.* at *4 (citing *Fulton*, 481 F.2d at 332). Given the "causal proximity between Magnum Defendants' conduct, the damage to the cardboard, and Fergin's injuries," the court held that the Amendment preempted Fergin's claim. *Id.*

Our sister circuits appear to have only applied the harm-based and conduct-based approaches to a limited class of claims—intentional infliction of emotional distress claims by shippers arising out of the delivery of property. *See White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584–86 (9th Cir. 2008); *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1248–49 (11th Cir. 2002); *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 288–90 (7th Cir. 1997); *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 505–07 (1st Cir. 1997); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306–07 (5th Cir. 1993). None found that they applied to a third party's personal injury claim.

Further, *Fulton* did not endorse the conduct-based approach as to personal injury claims. *Fulton* involved damage to property. 481 F.2d at 329. There, a shipper's equipment was damaged during transport. *Id.* at 328. Admittedly, we described the Carmack Amendment's scope broadly: "The cases make it clear that when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs." *Id.* at 332 (internal quotations omitted). But like the Court's language discussed above, that language is dicta if it is interpreted to extend to personal injury claims by persons not a party to the bill of lading. We have defined dicta as "a judicial comment made

while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential." *Passmore v. Astrue*, 533 F.3d 658, 661 (8th Cir. 2008) (cleaned up). *Fulton* involved shippers and carriers, and the damages were for property loss. Therefore, any application of our statement to a third-party personal injury claim would render it "a judicial comment . . . that is unnecessary to the decision in the case and therefore not precedential." *Id.* (cleaned up).

The defendants argue that we should, nonetheless, apply the conduct-based approach to this case. In support, they cite an unpublished district court opinion. *Krauss v. IRIS USA, Inc.*, No. 17-778, 2017 WL 5624951 (E.D. Penn. Nov. 22, 2017). In *Krauss*, a poorly packed shipment of Legos cascaded onto a volunteer who unloaded them, causing him severe injuries. *Id.* at *2. The court applied the conduct-based approach, reasoning that its application complied with the Amendment's text, the Supreme Court's language in *New York, Philadelphia & Northfolk Railroad*, the Carmack Amendment's "goals of national uniformity and predictability in carrier liability," and other district court decisions. *Id.* at *6–7. As a consequence, the court found the plaintiff's claims preempted. *Id.* at *7.

We disagree with *Krauss*'s analysis. Perhaps dispositive, as discussed above, the text of the Amendment indicates that its scope is limited "to the person entitled to recover under the receipt or bill of lading" and liability that "is for the actual loss or injury to the property." 49 U.S.C. § 14706(a)(1). Because Fergin was neither a person entitled to recover under a bill of lading nor suing for loss to the cardboard box shipment, application of the conduct-based approach would extend the Amendment beyond its text. We decline to do that here.

In summary, the Carmack Amendment does not preempt Fergin's state-law, personal injury claim as he was not party to the bill of lading.[3]

### III. *Conclusion*

For the foregoing reasons, we reverse the grants of summary judgment and remand for further proceedings.

———————————————————

[3]This finding renders XPO's argument that it is a carrier under the Amendment irrelevant. Even if XPO were a carrier, the Carmack Amendment would not preempt the claim against it. In addition, the briefs discuss whether the Federal Aviation Administration Act preempts Fergin's claim and whether the defendants owed Fergin a duty under Nebraska law. Because those issues were briefed but not passed on by the district court below, we decline to consider them for the first time on appeal. *See GEICO Cas. Co. v. Isaacson*, 932 F.3d 721, 724 (8th Cir. 2019) ("When a district court fails to address a matter properly presented to it, we ordinarily remand to give the court an opportunity to rule in the first instance.").